# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRY LEE SCOTT,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-15-0097-I-1

DATE: June 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ken Dandar, Esquire, Tampa, Florida, for the appellant.

Ana Urrechaga, Miami, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the proper jurisdictional analysis used in this case, we AFFIRM the initial decision.

¶2　　The appellant filed an appeal alleging that the agency had constructively suspended her from her Mail Processing Clerk position, effective October 18, 2014. Initial Appeal File (IAF), Tab 1. The administrative judge found the following facts undisputed: (1) the agency hired the appellant, who is a disabled Army veteran with a 10-point preference, on October 26, 1996; (2) on February 14, 2014, the agency formally assigned the appellant to Automation, although she continued to work as a Clerk in 030 Manual Distribution; (3) on April 8, 2014, the appellant submitted a letter from her podiatrist to the agency stating that she should not remain standing for more than 15 minutes per hour or walk distances greater than 25 yards without resting, that she needed to wear soft-sided shoes, and that these restrictions should remain in place until July 8, 2014; (4) on May 18, 2014, the agency's Light Duty Board met and agreed to accommodate the appellant within her restrictions for a period of 2 weeks until May 22, 2014, and advised her that, if further accommodations were needed, she would need to provide additional medical documentation specifying her restrictions; (5) on July 2, 2014, the appellant submitted a letter from her podiatrist stating that she should not remain standing for more than 15 minutes or walk distances greater than 25 yards without resting, and that these restrictions

were to remain in effect "indefinitely"; (6) the appellant never requested reasonable accommodation regarding the medical issues she has with her feet; and (7) due to her disabilities, the appellant is unable to perform the duties required in her assignment to Automation. IAF, Tab 24, Initial Decision (ID) at 2-3.

¶3 On appeal, the appellant argued that she never requested light duty, even though the Light Duty Board granted her a temporary accommodation based on the April 8, 2014 letter from her podiatrist. IAF, Tab 1; Hearing Compact Disc (HCD). The appellant contended that she would forfeit her "right" as a 10-point preference eligible if she requested accommodation. IAF, Tab 1. The administrative judge found that the agency gave the appellant the choice of either: (1) working in her assigned position in Automation, which the parties stipulated that she could not do; (2) submitting a light duty request, which she refused to do; or (3) going home, which she did. ID at 8. The administrative judge found that, even if the appellant believed the choices offered to her were incorrect, she had the option of requesting light duty as directed, and then challenging the agency's requirement while in a work status through a union grievance, equal employment opportunity complaint, or other means. ID at 8. The administrative judge further found that, by refusing to request light duty as instructed on October 17 and 18, 2014, the appellant voluntarily absented herself from the workplace. ID at 8. Thus, the administrative judge found that the appellant failed to prove by preponderant evidence that the agency constructively suspended her from October 17, 2014, to the present. ID at 9. The appellant has filed a petition for review in which she reasserts the same arguments she raised below. Petition for Review (PFR) File, Tab 1.

¶4 The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, the Board has always recognized that employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army*, 2 M.S.P.R. 140, 141

(1980). The Board has long recognized that it may have jurisdiction over certain leaves of absence, in a variety of situations under 5 U.S.C. chapter 75, as "constructive" adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013); *Brown v. U.S. Postal Service*, 115 M.S.P.R. 88, ¶ 8 (2010).

¶5     Here, we first address the administrative judge's analysis of this case under Board decisions issued prior to *Bean*. The administrative judge relied upon a line of cases, which find that constructive suspension claims generally arise in two situations: (1) when an agency places an employee on enforced leave pending an inquiry into her ability to perform; or (2) when an employee who is absent from work for medical reasons asks to return to work with altered duties, and the agency denies the request. ID at 4; *see Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶ 5 (2008); *Hamiel v. U.S. Postal Service*, 104 M.S.P.R. 497, ¶ 4 (2007). The administrative judge found that the key question for jurisdictional purposes is whether the employee or the agency initiated the absence. ID at 4. If the absence is involuntary, i.e., at the agency's direction, then the employee has been constructively suspended, but a voluntary absence is not a constructive suspension. *Id*.

¶6     However, the Board's analysis in *Bean* is the applicable jurisdictional analysis in this case. Specifically, in *Bean* the Board clarified that, although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims, and indeed all constructive adverse action claims whatsoever, have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish jurisdiction.[2]

---

[2] While the administrative judge did not provide the appellant with the correct jurisdictional burden of proof, we find no need to remand the case on this basis. The administrative judge held a jurisdictional hearing, the issue of jurisdiction was

¶7      Here, the essence of the appellant's claim is that the agency suspended her from work on October 18, 2014, when it refused to allow her to continue working in 030 Manual Distribution without submitting a request for light duty. PFR File, Tab 1. The appellant's contention throughout the proceedings is that the agency is aware that she is a 10-point preference eligible due to her service-related disabilities. She asserts that, since her employment began in 1996, she has been assigned duties in 030 Manual Distribution that she has worked with and without accommodations, and that she should have been allowed to continue to perform these duties without requesting light duty. *Id.* The appellant asserts that she refused the agency's offer to have her request to apply for light duty because she would have forfeited her "right" as a 10-point preference eligible to accommodation for her disabilities incurred during military service if she made that request. *Id.*

¶8      However, as the administrative judge correctly found, the agency provided the appellant three choices: (1) to work in her assigned position and perform those duties; (2) to request light duty based on her medical restrictions; or (3) to not work and go home. The appellant chose to go home. Given this, the question then becomes whether the appellant lacked a meaningful choice, and, if so, was it the result of the agency's improper actions.

¶9      It is undisputed that the appellant has medical restrictions which severely restrict her ability to work and which preclude her from performing the duties of her assigned position. The record reflects that those medical restrictions have changed over time and are more severe now than they were when she first became employed with the agency, and it appears that her medical restrictions may now be permanent. *See* IAF, Tab 7, Exhibit E, Tab 9 at 23, Tab 20 at 10. In addition, there is no evidence that the agency ever formally reassigned the appellant to a permanent limited or light duty position; rather, she continued to encumber the

---

thoroughly addressed, and the choices presented to the appellant were not in dispute. ID at 5-9; HCD. Thus, the record is complete on this issue and remand is not required.

Mail Processing Clerk position in Automation, although she was performing different duties in 030 Manual Distribution.

¶10   Likewise, while the record indicates that the agency may have informally accommodated the appellant's earlier restrictions, she never requested accommodation of her medical restrictions related to her feet, i.e., restrictions regarding standing and walking. *See* IAF, Tab 20 at 11-41. Indeed, the record reflects that the agency previously instructed the appellant to submit updated medical restrictions with any request for light duty work. *See id.* The appellant, however, refused to request reasonable accommodation and/or light duty for her medical condition, and she did not submit the additional necessary medical documentation, even though the agency repeatedly provided her with the proper forms to submit a request.[3]  HCD.

¶11   We find that the agency's actions in requiring the appellant to either perform in her assigned duty or request light duty was not an improper action. In *Bean*, the Board overruled *Johnson v. U.S. Postal Service*, 110 M.S.P.R. 679 (2009), which found that the appellant's placement on leave was voluntary where the options presented were either taking leave or working outside of the medical restrictions. The Board found that the basic premise of an employee working outside of a medical restriction is not a viable option for federal employees. *Bean*, 120 M.S.P.R. 397, ¶ 13. In this case, the appellant has medical restrictions which severely limit her ability to walk and stand and she has not shown that the agency's action in attempting to provide her with the proper avenue to ensure that she is not working outside of her medical restrictions is an improper action.

---

[3] The appellant appears to believe that, as a preference-eligible veteran, she is guaranteed a 40-hour work week as long as she does not request light duty, even if she cannot perform the full duties of her position. However, the appellant has cited no statutory or regulatory authority, and we have found none, which supports her claim that she will forfeit her 10-point veterans' preference "right" to be accommodated without requesting light duty if she submits a light duty request.

Thus, we find that the agency provided the appellant with a reasonable option of complying with agency policy and requesting light duty so as to receive accommodations for her medical restrictions. While the appellant may not like the choices presented her, she was given a meaningful choice between three options, and she refused to comply with either of the first two options and instead chose to go home. Thus, because the appellant voluntarily chose to absent herself from the workplace, she has not established a constructive adverse action. Accordingly, this appeal must be dismissed for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.